IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                      No. 2:11-cv-00694 GEB KJN

        v.

KYEONG INDUSTRIAL, INC.,
et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

/

        Presently before the court is plaintiff's motion for default judgment against defendants Kyeong Industrial Inc., individually and d/b/a Sam's Teriyaki ("Kyeong"), Danny Rodriguez individually and d/b/a Yaquis Taqueria ("Mr. Rodriguez"), and Angelica Avina Rodriguez, individually and d/b/a Yaquis Taqueria ("Ms. Rodriguez"), three of the five named defendants in this action. (Mot. for Default J., Dkt. No. 20.) Two named defendants, Muriel J. Bohr ("Bohr") and Alejandro T. Martinez ("Martinez"), have filed answers and have appeared through their attorneys in this action. (Answers, Dkt. Nos. 13, 19.)

        The undersigned heard plaintiff's motion for default judgment on its law and motion calendar on October 20, 2011.[1] Plaintiff Scott N. Johnson, an attorney, appeared at the

////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

hearing and represented himself.[2] No appearances were made by or on behalf of Kyeong, Mr. Rodriguez, or Ms. Rodriguez.  No appearances were made by or on behalf of Bohr or Martinez.  For the reasons stated below, the undersigned recommends that plaintiff's motion for default judgment be denied without prejudice.

I.   RELEVANT FACTUAL BACKGROUND

Plaintiff initiated this action on March 14, 2011, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.  (See generally Compl., Dkt. No. 1.)

Plaintiff, who is affected by quadriplegia and uses a wheelchair and a specially configured van, alleges that Kyeong owns, operates, manages, or leases a restaurant called Sam's Teriyaki, which is located at 1657 N. Texas Street, Fairfield, California; and that Mr. and Mrs. Rodriguez own, operate, manage, or lease a restaurant called Yaquis Taqueria, which is located at 1661 N. Texas Street, Fairfield California.  (Compl. ¶¶ 1-3.)

Plaintiff alleges that Kyeong and Mr. and Mrs. Rodriguez are liable under the ADA and Unruh Civil Rights Act because of architectural barriers to access that plaintiff actually encountered at Sam's Teriyaki and Yaquis Taqueria, which consist of a lack of: "the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space, [an] accessible route, accessible restrooms, [an] accessible entrance, accessibility signage, striping, accessible cashier/service counter, and [an] accessible dining table."  (Id. ¶ 4.)  Plaintiff alleges that the removal of these architectural barriers is readily achievable.  (Id.)  Plaintiff seeks injunctive relief and statutorily authorized money damages in an amount of $16,000 pursuant to the Unruh Civil Rights Act.  (Id. at 21-22; see also Mot. for

---

[2] During the hearing, plaintiff noted that his pending Motion for Default Judgment was filed in response to an order from the District Judge directing plaintiff to either file such a motion or to dismiss the non-appearing defendants.  (See Dkt. No. 18.)  While the undersigned ordinarily encourages such motions, in light of the unique circumstances in this case and the potential for inconsistent judgments described below, the undersigned denies the motion without prejudice.

1 Default J. at 5.)

2       An affidavit of service filed by plaintiff reflects that on April 11, 2011, plaintiff, through a process server, effectuated personal service of process on Ms. Rodriguez at the premises of Yaquis Taqueria. (Dkt. No. 5.)

      An affidavit of service filed by plaintiff reflects that on May 19, 2011, plaintiff, through a process server, effectuated service of process on Mr. Rodriguez at the premises of Yaquis Taqueria. (Dkt. No. 11.) Plaintiff's process server made four attempts to personally serve Mr. Rodriguez and, on May 19, 2011, left the summons, complaint, and other documents with the "person in charge" at Yaquis Taqueria, Alma Guzman. (Dkt. No. 11.) Plaintiff's process server also mailed a copy of the summons, complaint, and other documents to Mr. Rodriguez at Yaquis Taqueria's address on May 20, 2011. (Id.)

      An affidavit of service filed by plaintiff reflects that on May 24, 2011, plaintiff, through a process server, effectuated service of process on Jung Chul Lee, agent for service of process for Kyeong, at 1426 Fillmore Street #203, San Francisco, California, 94115. (Dkt. No. 12.)

      On July 2, 2011, plaintiff requested that the Clerk of Court enter default against Kyeong and Mr. and Ms. Rodriguez. (Req. for Entry of Default, Dkt. No. 15 at 1.) On July 5, 2011, the Clerk of Court entered the default of Kyeong and Mr. and Ms. Rodriguez. (Clerks Cert. of Entry of Default, Dkt. No. 16.) In entering default, the Clerk of Court stated that it appeared from the record and papers on file in the action that these defendants had been duly served with process, but failed to appear, plead, or answer plaintiff's complaint within the time allowed by law. (See id.)

      On September 16, 2011, plaintiff filed a motion for default judgment against Kyeong and Mr. and Ms. Rodriguez, and served a copy of the motion on these defendants by U.S. mail. (Cert. of Serv., Sept. 16, 2011, Dkt. No. 20 at 7.) Plaintiff's motion is silent with respect to whether any of these three defendants has ever contacted him or expressed any intent

3

to raise a defense in this action. A review of the court's docket reveals that neither Kyeong nor Mr. and Ms. Rodriguez have appeared in this action or filed a response to the motion for default judgment.

Plaintiff's motion for default judgment seeks statutory damages pursuant to the Unruh Civil Rights Act in the amount of $16,000, which consists of minimum statutory damages of $4,000 for each of four actual visits to the premises in question that resulted in discriminatory events.[3] (See Mot. for Default J. at 4.) Plaintiff also seeks injunctive relief in the form of readily achievable property alterations that consist of providing the correct number and type of properly configured van-accessible disabled parking spaces, an accessible route, accessible restrooms, an accessible entrance, and accessibility signage, striping, accessible cashier/service counter, and accessible dining table, all in accordance with the ADA and the Americans With Disabilities Act Accessibility Guidelines contained in 28 CFR Part 36. (See id. at 4-5.)

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

---

[3] Plaintiff is not seeking damages for two alleged instances of forgone visits to the accommodation over the past year. (See Mot. for Default J. at 5; Compl. ¶ 4.)

1 Federal Rules of Civil Procedure favoring decisions on the merits.
2 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily
3 disfavored.  Id. at 1472.
4     As a general rule, once default is entered, well-pleaded factual allegations in the
5 operative complaint are taken as true, except for those allegations relating to damages.
6 TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing
7 Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair
8 Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-
9 pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary
10 facts not contained in the pleadings, and claims which are legally insufficient, are not established
11 by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing
12 Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh,
13 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-
14 pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004)
15 ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default
16 conclusively establishes that party's liability, but it does not establish the amount of damages.
17 Geddes, 559 F.2d at 560.
18 III.    ANALYSIS
19     In his motion for default judgment, plaintiff seeks relief against non-appearing
20 defendants Kyeong and Mr. and Ms. Rodriguez that, in great part, overlaps with the relief that
21 plaintiff seeks against appearing defendants Bohr and Martinez as the owners of the property at
22 issue.  The claims alleged in plaintiff's complaint relate to architectural barriers within
23 restaurants operated by Kyeong and Mr. and Ms. Rodriguez, yet Bohr and Martinez are the
24 "property owners" of the premises upon which the restaurants are situated.  (Mot. for Default. J.
25 at 2 ("Defendants, Muriel J. Bohr and Alejandro T. Martinez are the property owners who have
26 filed their respective Answers to the Complaint and are not part of this Motion for Default

Judgment."); 4 ("Defendants Kyeong Industrial Inc., Danny Rodriguez, Angelica Avina Rodriguez, were the business operators . . . [and] continue[] to operate the subject businesses.").) None of the claims have been resolved on the merits or otherwise as to any of defendants. These circumstances raise concerns regarding the grant of default judgment against three of five defendants where claims will proceed against the remaining defendants who are similarly situated to the defaulting defendants.

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote omitted) (citing Frow, 82 U.S. at 554).[4] In In re First T.D. & Inv., Inc., the Ninth Circuit Court of Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and severally liable. See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) (observing that the rule from Frow "has been extended in

---

[4] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 82 U.S. at 554.

cases even if the defendants are not jointly liable, as long as they are similarly situated").

Here, the undersigned cannot conclude that there is "no just reason for delay" such that entry of default judgment against Kyeong and Mr. and Ms. Rodriguez prior to the adjudication of the claims against the remaining defendants would be appropriate. As to both of plaintiff's claims for relief, which are alleged against all defendants, non-appearing defendants Kyeong and Mr. and Ms. Rodriguez are similarly situated with appearing defendants Bohr and Martinez. As to each of these claims, plaintiff has alleged liability as to a restaurant operator that overlaps with the alleged liability of property owner defendants who have appeared in this action and intend to defend themselves. To the extent that claims are ultimately resolved in favor of Bohr and/or Martinez, there is a not insignificant risk of incongruous or inconsistent judgments were the court to determine at this relatively early stage of the proceedings that Kyeong and Mr. and Ms. Rodriguez are liable for the same violations alleged against Bohr and Martinez.

Plaintiff may very well have valid claims against Kyeong and Mr. and Ms. Rodriguez that are ultimately appropriate for entry of default judgment. However, given the overlapping nature of the claims as to different defendants, and the current stage of the proceedings, the undersigned finds that there is just reason for delay in entering default judgment as to three of the five named defendants. Accordingly, the undersigned will recommend the denial of plaintiff's motion for default judgment, but will recommend denial without prejudice to the refiling of a motion for default judgment at a more appropriate time.

IV.   CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that:

Plaintiff's motion for default judgment against defendants Kyeong Industrial Inc., individually and d/b/a Sam's Teriyaki, Danny Rodriguez individually and d/b/a Yaquis Taqueria, and Angelica Avina Rodriguez, individually and d/b/a Yaquis Taqueria, (Dkt. No. 20) be denied without prejudice.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  October 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE